(105 So. 12)

Nos. 26603, 26873.

### Succession of GUGLIELMO.

(April 27, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. Wills ⬅55(1)—Evidence held to show that testator was of sound mind, and that he dictated will substantially as written.

Evidence *held* to show that testator was of a sound mind, and that he dictated the will, which was a nuncupative testament by public act, substantially as written.

2. Wills ⬅108—That legatee present at making of will does not render it invalid.

Civ. Code, arts. 1591 and 1592, providing that a will cannot be witnessed by one of legatees, does not mean that presence of legatee, when will is made, makes will invalid.

3. Executors and administrators ⬅20(10)— Succession; heirs losing suit to annul will without interest authorizing appeal from order appointing testamentary executor.

Heirs losing their suit to annul will had no interest authorizing appeal from order appointing universal legatee testamentary executor.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Suit by Louis A. Guglielmo and others, heirs at law, against Gaetano La Barbera, universal legatee, to annul the will of Giuseppe (or Joseph) Guglielmo. From judgment refusing plaintiff's demand, and from order appointing universal legatee testamentary executor, plaintiffs appeal. Judgment and order affirmed.

E. A. O'Sullivan, U. Marinoni, Jr., and Benjamin T. Waldo, all of New Orleans, for appellants.

Theodore Cotonio and Merrick & Schwarz, all of New Orleans, for appellee.

O'NIELL, C. J. This is a suit to annul a will. The plaintiffs are the heirs at law, being the brother and two sisters and the children of a deceased brother of the testator. The defendant is the universal legatee. The plaintiffs' demand was rejected, and they appealed. Thereafter, the court appointed the universal legatee testamentary executor, and the plaintiffs have appealed also from the order appointing him. The two appeals were argued together.

The will is a nuncupative testament by public act, written in the Italian language. Plaintiffs alleged that the instrument was not really the will of the deceased, but was fraudulently designed to give the universal

legatee possession of the estate, to the exclusion of the heirs at law. They alleged, as their cause of action, that Giuseppe Guglielmo was not of sound mind, or mentally or physically capable of dictating or making a will, at the time when the instrument was written. They averred that he had had a cerebral hemorrhage several days before the instrument was written, and died from the effect of the hemorrhage four days after the instrument was written; that he was paralyzed in mind and body, had lost the power of speech, was afflicted with amnesia, and was not conscious of his surroundings, at the time when the instrument was written.

[1] The plaintiffs did not prove the allegations of their petition. They called the five attesting witnesses to the stand, and each one of them testified that Guglielmo dictated the will, and that the notary wrote it as it was dictated, and thereafter read it to the testator, and that he, after having had parts of the will read to him again, expressed his understanding and approval of it, said that he could not sign his name because his right hand was paralyzed, and then made a cross mark in lieu of his signature. The proof is positive that the testator was of sound mind, and that he dictated the will, substantially as it is written.

The plaintiffs, virtually disregarding the allegations of their petition, on the trial of the case, attempted to show that the will was null for a reason not suggested in their petition. They undertook to prove that Guglielmo, who was a Sicilian, did not understand the Italian language. The attorneys for the defendant objected to the plaintiffs departing from the allegations of their petition; but the judge overruled the objection, perhaps because the evidence already showed that there was no force in the new attack upon the will. There is some evidence to the effect that the language spoken by the Sicilians is so different from the Italian language, as spoken in Italy, that an uneducated Sicilian could not understand the Italian language, spoken properly. The preponderance of the evidence, though, is that there is not much difference between the language of the Sicilians and that which is spoken on the mainland of Italy. However that may be, there is no doubt that the testator and the attesting witnesses, in this case, understood the Italian language, and understood what was said and done in the making of this will.

[2] It is argued on behalf of appellants that the will is null for the reason that the universal legatee was present when it was made. The argument is founded upon article 1592 of the Civil Code, which declares that a will cannot be witnessed by one of the legatees. What the article means is that a person is not qualified to serve as an attesting witness to a will in which he is a legatee. The language of the article is a continuation of the preceding article (1591), which enumerates the classes of persons who are "absolutely incapable of being witnesses to testaments." Then follows article 1592, saying:

"Neither can testaments be witnessed by those who are constituted heirs or named legatees, under whatsoever title they may be."

But that does not mean that the presence of a legatee, witnessing the making of a will, makes the will invalid.

[3] By losing their suit to annul the will, the plaintiffs have lost also their interest in the appeal from the order appointing the universal legatee testamentary executor.

The judgment and order appealed from are affirmed, at appellants' cost.